Bissell, J.,
delivered the opinion of the court.
This action involved a stock of millinery goods claimed by the appellee, Mrs. Cameron. At the time this replevin suit was begun it had been levied on by the sheriff under an attachment issued against Rosa L. Mallett. In her complaint, plaintiff alleged title, and the defendant answered that he was the sheriff of La Plata county, and as such, and having writs of attachment properly issued in suits brought by Edson Keith & Co., against Rosa L. and Geo. R. Mallett, and O. B. Tennis & Co., against Mrs. Mallett alone, he had levied on the goods as the property of Rosa L. Mallett. At the time of the levy Mrs. Cameron was in possession of the stock, selling and disposing of it in the usual course of business, and appropriating the proceeds to her own use. It will be observed that there was no allegation of fraud in any of the transactions which form the basis of Mrs. Cameron’s title, and no allegation that there was no change of possession at the time of the sale, other than the general averment that the property was in the possession of Mrs. Mallett, and had never gone from her up to the time the writs were levied.
The transactions which gave rise to the suit can be very briefly stated. Mrs. 'Mallett was formerly the owner of the stock. By the purchase she had incurred an indebtedness to a concern dealing in that class of merchandise known as the Tootle-Maddox-Weakly Millinery Company. She could not pay her obligations and an agent of that company came to Durango to effect a settlement. The negotiations resulted in a sale of the goods by Mrs. Mallett to this company, and she gave them a bill of sale and they surrendered her notes which had been given for the purchase price. Through its *202 agent, Mr. Johnson, the company took possession and put Mr. Mallett in charge. It appears from the testimony that Mr. Mallett was without interest, and was in a legal sense a stranger to the transaction. On subsequent conference with an attorney respecting it, it was deemed wise to displace Mr. Mallett. He was immediately discharged, the store occupied by the agent and the back rooms which seem to have been connected with the part of the building where the goods were kept were nailed up, and there was no connection between them and the store. The company was telegraphed to and sent Mrs. Cameron to take charge of the stock and sell it out for their benefit. The signs which Mrs. Mallett had theretofore had on the store were taken down and replaced by others which were of large size and covered the whole front of it. Mrs. Cameron remained in possession for some days as the agent and representative of the purchasers. During this time the Malletts were not in possession, nor about the store, and had nothing to do with the sale or control of the stock, and so far as external evidence went, the purchasers had complete control and possession. Matters continued in this way for some few days when Miss Bowman came on and took possession as the agent of the company, and commenced dealing with the stock as their representative. Shortly after she sold the stock to Mrs. Cameron. The evidence tended to show that the vendee paid value for it, partly in cash, and partly by note, went into possession, and continued to deal with it as her own for a very considerable period. The attachment writs in these suits were not levied for more than two months. The levies were made on the claim that the stock was really the property of Mrs. Mallett, and that there had been no change of possession such as the law requires when personal property is sold and the creditors of the vendor levy their writs. The case was tried by a jury and submitted to them under instructions which fairly stated the law. The jury found that the appellee was the owner of the goods and entitled to the possession, and that the writs were wrongfully levied. In the course of the charge the court stated, in this *203 ease there was neither allegation nor proof that there was no change of possession, and if they found from all the evidence in the case that the plaintiff Mrs. Cameron did purchase the goods from Tootle-Maddox-Weakly Millinery Company for a valuable consideration, their verdict must be for the plaintiff. The jury so found. The evidence supports the verdict, and we are unable to discover in the arguments of counsel, or in the record, any reason why it should be disturbed. The appellant contends that the instruction was erroneous, but we do not think his contention has any foundation. There was no allegation in the answer that the sale was a fraudulent one, nor was there any averment that there had been no change in possession, except what may be termed an inferential allegation to that effect, resulting from the averment that at the time of the levy the goods were in the complete and absolute control of Rosa Mallett at the store, and that she was exercising the supervision of ownership and dealing with them as her own in the usual course of business. While this averment might under some circumstances be taken as one to the point that there had been no change, it was not a distinct allegation that there had been none, but rather one that at the time of the levy Mrs. Mallett was in possession. We think the charge was entirely justified by the proof because there was no evidence to the proposition that subsequent to the sale by Mrs. Mallett, the goods did not pass 'into the hands of other parties, who remained continuously and notoriously in control for more than two months, dealing with them as their own and as purchasers for a valuable consideration. The only possible basis for the position is that after Mrs. Cameron bought the stock, she subsequently employed Mrs. Mallett to trim hats and do other work about the store for an agreed compensation, which was paid her. But this neither indicates nor tends to prove that Mrs. Mallett was ever in the custody of the store or in possession of the goods, or that she ever exercised any acts of ownership over them after they were sold to the millinery company or after they passed into the control of its agents. It is very clear to our *204 minds that Mrs. Cameron bought the goods for value, paid for them, that they were delivered to her, and she held them for several weeks prior to the levy. There is no proof to bring the case within the authorities which hold sales of personal property void when there has been no open and evident transfer.
The sheriff made out no defense by his proof, the verdict of the jury is fully sustained by the testimony, and the judgment will accordingly be affirmed.

Affirmed.